UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARIA L. VASCONCELOS,<br>      Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER,<br>SOCIAL SECURITY ADMINISTRATION,<br>      Defendant. | :<br>:<br>:<br>:   CA 05-410 M<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM AND ORDER**

This matter is before the court on the request of Plaintiff Maria L. Vasconcelos ("Plaintiff") for judicial review of the decision of the Commissioner of Social Security ("the Commissioner"), denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), under §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("the Act"). Defendant Jo Anne B. Barnhart ("Defendant") has filed a motion under sentence four of 42 U.S.C. § 405(g) for remand of the matter to the Commissioner.

With the consent of the parties, the case has been referred to a magistrate judge for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. I find that remand to the Commissioner is appropriate. Accordingly, I order that Defendant's Assented-to Motion for Remand under Sentence Four of 42 U.S.C. § 405(g) (Document ("Doc.") #7) ("Motion for Remand") be granted and that the matter be remanded for further administrative proceedings in accordance with this Memorandum and Order.

**Facts and Travel**

Plaintiff filed an application for DIB on October 10, 2001,


alleging disability since June 3, 1996,[1] due to heart disease, hand and back pain, and anxiety. (Record ("R.") at 23-24) On May 8, 2003, she filed a claim for SSI. (R. at 23) The application for DIB was denied initially and on reconsideration, and a request for hearing before an administrative law judge ("ALJ") was timely filed. (Id.) The claim for SSI was escalated to the hearing level to be considered with the claim for DIB. (Id.) A hearing was conducted on June 2, 2003, at which Plaintiff, represented by counsel, appeared and testified. (Id.) A medical expert and vocational expert also testified. (Id.) The ALJ issued a decision on January 24, 2004, in which he found Plaintiff not disabled and, therefore, not entitled to DIB or SSI.[2] (R. at 28-29) Plaintiff requested review by the Appeals Council (R. at 19), which on July 27, 2005, declined review (R.

---

[1] At the June 2, 2003, hearing before the administrative law judge ("ALJ"), Plaintiff amended her alleged onset date to July 18, 2000. (Record ("R.") at 23-24)

[2] To qualify for DIB, a claimant must meet certain insured status requirements, be younger than 65 years of age, file an application for benefits, and be under a disability as defined by the Act. See 42 U.S.C. § 423(a) (2005). The ALJ found that Plaintiff met the nondisability requirements set forth in Section 216(i) of the Social Security Act, see 42 U.S.C. § 416(i) (2005), and that Plaintiff was insured through the date of the decision (R. at 24). An individual is eligible to receive SSI if he is aged, blind, or disabled and meets certain income requirements. See 42 U.S.C. § 1382(a) (2005).
    Following the familiar sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920 (2005); see also Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 2291, 96 L.Ed.2d 119 (1987); Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001), the ALJ determined: that Plaintiff had not engaged in substantial gainful activity during the period of alleged disability (R. at 28); that Plaintiff had an impairment or combination of impairments which was severe but which did not meet or medically equal a listed impairment (id.); that Plaintiff's allegations regarding her limitations were not totally credible (id.); that Plaintiff was capable of performing a wide range of sedentary work, with moderate limitation in her ability to deal appropriately with the public, co-workers, and supervisors (R. at 29); and that Plaintiff was able to perform her past relevant work as a jewelry bench worker (id.).

2

at 13-15), thereby rendering the ALJ's decision the final decision of the Commissioner (R. at 13).

Plaintiff filed a Complaint (Doc. #1) in this court on September 30, 2005. Defendant on December 14, 2005, filed her Answer (Doc. #5). Pursuant to the consent of the parties, the case was subsequently referred to this Magistrate Judge. See Order of Reference dated December 16, 2005 (Doc. #6). On December 23, 2005, Defendant filed the instant Motion for Remand (Doc. #7).

## Discussion

Section 405 of Title 42 of the United States Code ("U.S.C.") provides, in relevant part, that: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2005). Defendant requests that a judgment reversing the ALJ's decision and remanding the matter to the Commissioner for further administrative proceedings be entered.[3] See Motion for Remand.

The ALJ found that Plaintiff retained the residual functional capacity to "perform repetitive lifting, carrying, pushing, pulling, grabbing, catching, pinching, squeezing[,] and hand and wrist motions *at the sedentary level of exertion*, i.e., at force levels only occasionally reaching ten pounds and usually much lighter ...." (R. at 27) However, Defendant states that:

> The record contains a medical opinion letter from one of Plaintiff's treating physicians, Dr. Gregory Austin, indicating that Plaintiff's functional capacities for

---

[3] Defendant's counsel represents that Plaintiff's counsel has consented to remand of the case for further administrative proceedings. See Motion for Remand; Defendant's Memorandum in Support of Its Assented-to Motion for Voluntary Remand under Sentence Four of 42 U.S.C. § 405(g) ("Defendant's Mem.") at 3.

3

>many repetitive hand motions and for lifting over five pounds were limited. Dr. Austin also stated that he did not believe Plaintiff could return to her past jewelry work, as it required "a lot of fine repetitive hand activities." ([R. at] 523)  The ALJ did not mention or assign weight to Dr. Austin's opinion, as required by [the regulations] ....

Defendant's Memorandum in Support of Its Assented-to Motion for Voluntary Remand under Sentence Four of 42 U.S.C. § 405(g) ("Defendant's Mem.") at 2.  Defendant additionally notes that, although the ALJ relied on vocational expert ("VE") testimony to find that Plaintiff could return to her past relevant work as a jewelry bench worker, the VE had also testified that "an inability to use [her] hands for routine, repetitive motions would rule out the ability to perform the bench worker position." Id. (citing R. at 70).  Defendant concludes that "[i]n the absence of any consideration of Dr. Austin's opinion, the ALJ's residual functional capacity assessment and his Step Four decision both appear unsupported by substantial evidence."  Id.  After reviewing the filings and record, the court concurs.

Accordingly, I order that the matter be remanded to the Commissioner for further administrative proceedings.  On remand, the Commissioner is directed to instruct an ALJ to: (1) update Plaintiff's medical records; (2) conduct another hearing with supplemental VE testimony; and (3) issue a new decision based on the total record, in which s/he evaluates and assigns weight to all medical opinions in the record as required by 20 C.F.R. §§ 404.1527, 415.927, and Social Security Ruling 96-2p.  See id. at 3.

### Conclusion

Defendant's Motion for Remand is hereby granted.  I order that judgment be entered for Plaintiff, the Commissioner's decision be reversed, and the matter be remanded to the Commissioner for further administrative proceedings as outlined


above.

So ordered.

| ENTER: | BY ORDER: |
|---|---|
| *David L. Martin* | *Martha Saucier* |
| DAVID L. MARTIN<br>United States Magistrate Judge<br>January 5, 2006 | Deputy Clerk |